Cathy Rae **HERSHCOPF** et al.,
Plaintiffs,

v.

**John R. LOMENZO, in his official capacity as Secretary of State of the State of New York, and Louis J. Lefkowitz, in his official capacity as Attorney General of the State of New York, Defendants.**

**No. 72 Civ. 4689.**

United States District Court,
S. D. New York.

Nov. 6, 1972.

Anne Gross Feldman, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants; A. Seth Greenwald, Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

This is a class action instituted on the eve of election day by New York State residents, students and others, entitled to vote by absentee ballot. The relief sought is a declaratory judgment that the Secretary of State and the Attorney General of the State of New York direct all boards of elections throughout the state to include in their canvass those absentee ballots received by the county boards of elections by 9 p.m., November 7, 1972. Further relief is sought, which will be referred to hereafter.

 The issue arises because of a conflict between federal and state statutes as to when absentee ballots for Presidential and Vice Presidential electors are to be returned to election officials in order to be counted.

The federal law is part of the Voting Rights Act Amendments of 1970, Public Law 91–285, 84 Stat. 314, which sets residency requirements and provides for absentee balloting for Presidential and

Vice Presidential electors, the constitutionality of which, as well as provisions franchising 18-year olds to vote in national elections and prohibiting literacy tests or other devices in both federal and state elections have been upheld by the Supreme Court. *Oregon* v. *Mitchell*, 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970). The pertinent section provides:

"(d) For the purposes of this section, each State shall provide by law for the registration or other means of qualification of all duly qualified residents of such State who apply, not later than thirty days immediately prior to any presidential election, for registration or qualification to vote for the choice of electors for President and Vice President or for President and Vice President in such election; and each State shall provide by law for the casting of absentee ballots for the choice of electors for President and Vice President, or for President and Vice President, by all duly qualified residents of such State who may be absent from their election district or unit in such State on the day such election is held and who have applied therefor not later than seven days immediately prior to such election and have returned such ballots to the appropriate election official of such State not later than the time of closing of the polls in such State on the day of such election." [42 U.S.C. § 1973aa–1(d).]

Thus, under this provision, the State is required to count all absentee ballots "returned" to election officials "not later than the time of closing of the polls," in this instance, 9 p.m. election night. The State statute with respect to absentee voters generally provides that the envelope containing the absentee ballot "must reach the office of the board of elections not later than twelve noon of the Monday before election day in order that his vote may be canvassed." N.Y. Election Law, § 121(3). The supremacy clause of the Federal Constitution, of course, controls and the state statute

must yield. Article VI. However, upon the argument of this motion the Assistant to the State Attorney General urged that in fact the state law was consistent with the federal law with respect to Presidential and Vice Presidential electors. His contention was based upon section 346(4) of the State Election Law, which applies to "special Presidential ballots" and provides that to be counted they "must either be delivered on the day of election to the inspectors of election at the appropriate polling place not later than the closing of the polls or received by the appropriate boards of elections not later than twelve noon on election day." N.Y. Election Law, § 346(4). Apart from the fact that the alternative provision, that is, the receipt of the ballot "not later than twelve noon on election day," is in conflict with the federal statute, the state law with respect to so-called "special Presidential voters" is not of general application but part of Article 14–A of the Election Law, the function of which is to permit voters, who have recently changed their residences and so fail under New York law to satisfy its residency requirements, nevertheless to vote for President and Vice President. This statute applies only to a small class of voters, absentee and otherwise—those who have recently moved and changed their addresses. However, there still remain all other absentee voters, and as to them section 121(3) of the Election Law appears to be the applicable statute which requires that their ballots "must reach the office of the board of elections not later than twelve noon of the Monday before election day . . . ."

Evidence presented upon the hearing indicates that Boards of Elections throughout the State act differently with respect to this law pertaining to absentee ballots. For example, in New York City and in Nassau County, the boards of elections send all absentee ballots received by them to the local election boards to be counted up to the closing of the polls. On the other hand, plaintiffs have presented proof that at

least nineteen boards of elections throughout the State apply the statute literally and do not count such ballots unless received by noon the day before election. The delay in the mails has been such that the court may take judicial notice of this fact. Two of the plaintiffs applied for and returned their absentee ballots. Two others requested their absentee ballots, but as yet have not received them. Continued argument on plaintiffs' motion was just heard at 10 a.m. on Monday before election. These latter two plaintiffs, even should they get their ballots, cannot deliver, much less mail them, so that they will be received by the board of election no later than noon this day.

We need not stress the importance and right of franchise. It was urged upon the hearing of this motion that plaintiffs should be denied relief because of laches in presenting the application. I hold the right to vote is too fundamental in the democratic process to be denied upon any such plea. Moreover, there has been an adequate explanation for the delay in presenting the application for relief.

The fact that throughout the state at least nineteen boards of elections apply the state statute so that absentee voters whose ballots are not received by noon of this day will be disenfranchised is sufficient irreparable injury in view of the federal law, and a denial of a constitutional right to warrant granting relief.

Accordingly. John R. Lomenzo, in his capacity of Secretary of State of New York, and Louis J. Lefkowitz, as Attorney General, as chief law officer of the State, are directed to issue appropriate instructions to all boards of elections to canvass all absentee ballots for Presidential and Vice Presidential electors which are returned to the appropriate election officials of the State by 9 p.m. on Tuesday, November 7, 1972.

Plaintiffs seek a further order directing the appropriate boards of elections to canvass all absentee ballots post-marked prior to November 7, 1972, but not received by that time. However, this goes beyond the controlling federal statute which requires only that those ballots be counted where the voter has "returned" his ballot not later than the time of closing. Mailing is not the exclusive method of returning an absentee ballot. This branch of plaintiffs' motion is denied.

 Also denied is plaintiffs' application with respect to military ballots. No plaintiff is in military service or comes within this category, and there is no basis for class representation.

The foregoing shall constitute the Court's order.